**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

REBECCA RANSON,                    )
                                   )
            Plaintiff,             )
                                   )
    v.                             )          No. 1:25-cv-00061-ACL
                                   )
MIKE RATLIFF,                      )
                                   )
            Defendant.             )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Rebecca Ranson's motion for leave to proceed *in forma pauperis* in this employment discrimination action. ECF No. 2. Upon consideration of the financial information provided in the motion, the Court finds that Plaintiff is unable to pay the filing fee in this matter. As such, the Court will grant Plaintiff leave to proceed *in forma pauperis* and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review her Complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint, on a Court-provided form, in compliance with the instructions set out below. Furthermore, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel (ECF No. 3), subject to refiling at a later date. The Court warns Plaintiff that her failure to comply with this Order will result in dismissal of this action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff filed this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), against defendant Mike Ratliff. ECF No. 1 at 1-2. Plaintiff alleges discrimination on the basis of race and color in relation to her December 16, 2024 termination

from employment.  *Id.* at 3-5.  For relief, she seeks lost wages.  *Id.* at 7.

Plaintiff states that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 21, 2025, and that she received a Right-to-Sue letter.  *Id.* at 3.  Plaintiff attached her Right-to-Sue letter, dated March 21, 2025, to her Complaint, but she did not file her Charge of Discrimination.  ECF No. 1-4.

### Discussion

Based on a careful review and liberal construction of the filings, the Court finds that Plaintiff's Complaint does not survive review under 28 U.S.C. § 1915(e)(2).  However, because Plaintiff is self-represented, she will be allowed to amend her Complaint in accordance with the instructions set forth below.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).  Plaintiff should consider the following legal issues in filing in her amended complaint.

**I.      Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.**

Plaintiff's Complaint states no factual content in support of her legal claims.  The section of the form complaint which directs Plaintiff to briefly state the essential facts of her claim was left blank.  *See* ECF No. 1 at 5 (Question No. 12).  In addition, Plaintiff did not attach a copy of the Charge of Discrimination which she filed with the EEOC, so the Court has no pleadings on which to examine the sufficiency of her allegations under 28 U.S.C. § 1915.

In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth

facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

In addition, Plaintiff should file a copy of her Charge of Discrimination with her amended complaint. Plaintiff may only "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation and citation omitted). Any unexhausted claims are subject to dismissal. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (affirming dismissal of race discrimination claim where charge of discrimination only mentioned retaliation).

## II.    Plaintiff should name her former employer as the defendant, not any individuals.

Plaintiff names only one defendant: Mike Ratliff. This defendant is presumably the owner or manager of "Ratliff Care Center," an organization named on Plaintiff's Right-to-Sue letter. ECF No. 1-4 at 2. However, Title VII prohibits "unlawful employment practice[s]" by an "employer" only. 42 U.S.C. § 2000e-2(a). That is, while Title VII covers the conduct of employers, it does not impose individual liability. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers"). The Eighth Circuit Court of Appeals has stated the "clear consensus" that "supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995).

As such, Plaintiff's Amended Complaint should only bring Title VII claims against her prior employer, not any individuals who were her supervisors or co-workers. Title VII claims brought against individuals are subject to dismissal. *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19

4

F.3d 1254, 1255 (8th Cir. 1994) (affirming dismissal of Title VII claims against individual defendants because liability "can attach only to employers").

### Instructions for Filing an Amended Complaint

Plaintiff should file a signed amended complaint, on the Court-provided form, in accordance with the instructions provided on the form, as well as the instructions provided in this Memorandum and Order. *See* E.D. Mo. L.R. 2.01(A)(1) ("All filings … shall contain the signature of the self-represented party"); E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must follow the Federal Rules of Civil Procedure in filing an amended complaint. Plaintiff's self-represented status does not excuse her from following the Federal Rules or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation and citation omitted).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should provide the following

information in separate, numbered paragraphs for each of her claims: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, race, religion, color, disability, etc.

Plaintiff should also attach a complete copy of her EEOC Charge of Discrimination to her amended complaint. This document will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c).

### Motion for Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present

the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as a defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### Conclusion

Based on the financial information provided in Plaintiff's motion to proceed *in forma pauperis*, the Court will grant the motion and waive the filing fee. Based on an initial review of the Complaint under 28 U.S.C. § 1915, the Court will direct the Clerk of Court to provide Plaintiff with a blank Employment Discrimination Complaint form, and Plaintiff will have **thirty (30) days** from the date of this Memorandum and Order to file an amended complaint on the form provided. Because Plaintiff is proceeding *in forma pauperis*, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for Plaintiff to proceed in this lawsuit. Finally, Plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived in this matter. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within thirty **(30) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth on that form and in this Memorandum and Order. Plaintiff shall attach her EEOC Charge of Discrimination.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 12th day of August, 2025.


*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE